ROBERT J. BELLAMY *et al. vs.* LYDIA M. OLIVER.

Cumberland, 1875.—April 7, 1876.

*Pleading. Abatement.*

A plea in abatement without the required affidavit, or with a defective one, is bad on demurrer.

An affidavit bearing date of a day preceding the commencement of the term at which the writ to be abated is entered, is fatally defective.

EXCEPTIONS from the superior court.

REPLEVIN for a sewing machine. The writ was returnable at the December term, 1873, (Tuesday, December 2, being the 1st day of the term.)

The defendant pleaded in abatement the non-joinder of the husband. To the plea was a verification in the form following :

Cumberland, ss., December 1st, 1873. Signed and sworn to before me, EDGAR S. BROWN, Justice of the Peace.

To this plea the plaintiff filed a demurrer, which was joined. The presiding justice, *pro forma,* overruled the demurrer, and adjudged the plea good. The plaintiff excepted.

*J. H. Drummond,* for the plaintiff.

*A. Merrill,* for the defendant.

APPLETON, C. J. This is an action of replevin, to which the defendant pleads the non-joinder of her husband in abatement. To this plea the plaintiffs demurred, and the demurrer was joined. The court overruled the demurrer, and adjudged the plea good, to which ruling exceptions were duly filed.

By the 10th rule of practice of the superior court of Cumberland county, pleas in abatement "must be filed within two days after the entry of the action, the day of the entry to be reckoned as one, and if consisting of matter of fact not apparent on the face of the record, shall be verified by affidavit."

Pleas in abatement are not to be favored. Defects may be taken advantage of by general demurrer. A plea in abatement

"must be promptly and exactly entitled in the cause and be positive as to the truth of every fact contained in the plea, and should leave nothing to be collected by inference ; it should be stated that the plea is true in substance and fact," and not merely that the plea is a true plea ; and if there be no affidavit, or if it be defective in any particular, the plaintiff may treat the plea as a nullity, and sign judgment, or move the court to set it aside. 1 Chitty Pl., 463. Such is the English rule.

The utmost strictness is required in pleas in abatement. *Tweed* v. *Libbey,* 37 Maine, 49. The plea must be filed within the time specified in the rule of court, and not afterwards. *Thompson* v. *Hatch,* 3 Pick., 512. The absence of an affidavit verifying the facts alleged in the plea is fatal to its validity. *White* v. *Whitman,* 1 Curtis, C. C., 494. The plea is bad, if it have no verification, or a defective one. *Fogg* v. *Fogg,* 31 Maine, 302. Indeed, when one pleads in abatement, he should take good heed that "his footsteps slip not."

The affidavit in the present case bears date on the Monday before the return day of the writ sought to be abated. Until its return, it was uncertain whether the action would be entered. There could be no appearance nor plea filed before the entry of the action on the first day of the term at which it was returnable. A plea in abatement cannot be filed before the defendant has appeared. *Wakefield* v. *Marden,* 18 E. C. L., 231. There can be no valid plea before the commencement of the term, nor can one be legally filed. If the writ is not entered, the remedy of the party is by complaint for not so entering the suit. The plea being sworn to before the return day of the writ, or the entry of the action, the affidavit is defective. If an affidavit (verifying a plea in abatement which refers to the declaration,) is sworn before the declaration is delivered, the plaintiff may treat the plea as a nullity and sign judgment. *Bower* v. *Kemp,* 1 C. & J., 288. *Johnson* v. *Popplewell,* 2 C. & J., 544. "How can a man know by foreknowledge," observes Bailey, J., "what the declaration will contain." So, how can he know that the action will be entered. There can be no plea in abatement until the first day of the term or the entry of the action. After the return day and entry the plea

was not sworn to, and if not sworn to, it cannot avail the party filing it. The plea and the affidavit alike presuppose a pending suit, thereby sought to be abated. The affidavit can no more precede the entry of the action, than the filing of the plea. The plea may be treated as a nullity, if the affidavit be sworn before the declaration is delivered or filed. MacNamara on Nullities, 52.

In abatement for the non-joinder of a party, the plea must show that the residence of the party not joined was within the jurisdiction at the time of the plea pleaded, which must be after the entry of the action. But if the plea can be filed, and the affidavit taken one day before the return day and entry of the action, it may be two days, or two months, or indeed the next day after service. In *White* v. *Gascoyne et al.*, 3 Exch., 35, it was held that the affidavit in support of a plea in abatement, for the non-joinder of other co-defendants, must state the residences at the time of plea pleaded; and therefore, an affidavit which states the residences of such co-defendants, at the time of the commencement of the suit, is bad, although the plea gives their residences at the time of pleading thereof, and the affidavit states the plea to be true in substance and fact. The affidavit takes effect at its caption. It is obvious, therefore, that an affidavit one day or one month before plea pleaded, cannot relate to a subsequent day or month, nor show where the residence of a party was, when such plea should thereafter be filed.

A plea is bad without verification. The verification should state the plea to be true in substance and fact unqualifiedly. It is not enough that the plea be good. It must be verified by an affidavit in all respects sufficient.          *Exceptions sustained.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.